UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-81045-MIDDLEBROOKS/MATTHEWMAN

MEREDITH COLE,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

FILED BY KJZ D.C.
Nov 16, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL BETTER AND MORE COMPLETE RESPONSES TO FIRST REQUEST FOR PRODUCTION AND INTERROGATORIES [DE 19]
AND
AWARDING ATTORNEY'S FEES AND COSTS IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT AND DEFENDANT'S COUNSEL**

THIS CAUSE is before the Court upon Plaintiff's Second Motion to Compel Better and More Complete Responses to First Request for Production and Interrogatories ("Motion"). [DE 19]. Discovery motions have been referred to the undersigned by the Honorable Donald M. Middlebrooks, United States District Judge. [DE 11].

On November 9, 2021 Plaintiff filed the instant Motion. [DE 19]. After carefully reviewing the Motion as well as the entire docket, and because the discovery cutoff date in this case is December 16, 2021 [DE 9], the Court issued an order requiring Defendant to file a response to Plaintiff's Motion by November 15, 2021, requiring the parties to confer and file a joint notice, and setting a hearing on Plaintiff's Motion. [DE 20]. Defendant failed to file a response by November 15, 2021 as ordered and thus failed to comply with the Court's Order. In light of Defendant's failure to comply with this Court's Order [DE 20], and in light of the

dilatory discovery behavior of Defendant and Defendant's counsel, as more fully discussed below, Plaintiff's Motion [DE 19] is hereby **GRANTED**.

First, the Court finds it appropriate to grant Plaintiff's Motion by default due to Defendant's failure to respond to the Motion. According to S.D. Fla. Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the motion by default." *See James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016). Because of the rapidly approaching discovery cutoff date, Defendant was ordered to respond to Plaintiff's Motion by November 15, 2021 and failed to do so. Thus, granting of Plaintiff's Motion by default is appropriate under our Local Rules.

Second, having carefully reviewed Plaintiff's Motion, it is also due to be granted on the merits. A review of Defendant's discovery responses shows that Defendant failed to fully and completely respond to Requests for Production Nos. 1-6 and 9. [DE 19-1]. Defendant's objections were largely frivolous, improper, and boilerplate. Further, to the extent privileges are asserted, Defendant failed to complete a privilege log as required by S.D. Fla. Local Rule 26.1(e)(2). Moreover, no response was provided to any Interrogatory. [DE 19-1]. Defendant and its counsel appear to be engaged in dilatory and obstructionist discovery tactics in this case. The Court will not allow Defendant and its counsel's dilatory discovery conduct to delay and frustrate this case any further.

In light of the upcoming discovery cutoff date of December 16, 2021 and the trial date of February 28, 2022 [DE 5], and the fact that Defendant and its counsel's dilatory discovery conduct is prejudicing Plaintiff and preventing Plaintiff from taking necessary depositions, the Court **ORDERS** as follows:

1. Plaintiff's Second Motion to Compel Better and More Complete Responses to First Request for Production and Interrogatories [DE 19] is **GRANTED**.

2. **By or before November 23, 2021**, Defendant shall (a) fully and completely produce all documents requested in Requests for Production Nos. 1-6 and 9; and (b) shall fully and completely respond to all Interrogatories.

3. The Court overrules all of Defendant's blanket objections to Plaintiff's discovery. *See Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *1 (S.D. Fla. Mar. 6, 2017) ("This District does not recognize generalized boilerplate objections.").

4. The Court also finds that Plaintiff is entitled to **reasonable** attorney's fees and costs to be paid by Defendant and Defendant's counsel, David Francis Cooney, Esq., that were incurred by Plaintiff in bringing the instant Motion [DE 19]. *See* Fed. R. Civ. P. 37(a)(5)(A) (If the motion is granted, "the court must . . . [order the opposing party] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). In the Court's prior Order [DE 20], Defendant was given an opportunity to respond to Plaintiff's Motion and was warned that attorney's fees and costs could be awarded against any party or counsel who fails to comply with the Court's orders or, *inter alia*, engages in dilatory or frivolous discovery conduct. Defendant and Defendant's counsel failed to comply with the Court's Order, failed to respond to Plaintiff's Motion, failed to comply with all discovery obligations, and now must face appropriate sanctions.

5. Having found entitlement to an award of attorney's fees and costs against Defendant and Defendant's counsel, and in favor of Plaintiff, **by or before November 19, 2021**,

Plaintiff shall file an appropriate Memorandum of Attorney's Fees and Costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred as set forth above. Plaintiff may support the claimed hourly rate and hours incurred by an Affidavit or Declaration. If Defendant and Defendant's counsel have a good faith basis to oppose the amount of attorney's fees and costs claimed by Plaintiff, a response shall be filed **by or before November 23, 2021** and Plaintiff may file a reply **by or before November 29, 2021**. The Court will thereafter determine the amount of the award of reasonable attorney's fees and costs to be paid by Defendant and Defendant's counsel, David Francis Cooney, Esq., to Plaintiff and issue a further order thereon.

6. Defendant and Defendant's counsel are hereby advised that failure to comply with this Order, and any further failure to comply with Defendant's obligations in discovery in this case, shall subject Defendant and Defendant's counsel to additional sanctions, including a finding of contempt of Court, an award of attorney's fees and costs, and/or any other sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A)-(E), the Court's inherent authority, and all other applicable rules or law.

7. In light of this Order, the hearing scheduled for November 18, 2021, at 10:30 a.m. is **CANCELED**, and no reply from Plaintiff or joint notice from the parties is required.

**DONE and ORDERED** in Chambers this 16th day of November, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*[Signature]*

WILLIAM MATTHEWMAN
United States Magistrate Judge